UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 4 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Aquilla Parker *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 09 0810 |
| Marvin Daniels *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before this court on plaintiffs' *pro se* complaint and an application to proceed *in forma pauperis*.[1] The court will grant the application and dismiss the complaint because it fails to state a claim upon which relief may be granted against these defendants.

The plaintiff is a recipient of a tenant-based federally-funded rent subsidy known as a Section 8 housing voucher that is administered in the District of Columbia by the D.C. Housing Authority. Compl. at 2. Plaintiff alleges that the defendants, from whom she rented an apartment with her Section 8 voucher, failed to maintain the dwelling in a condition that was both safe and usable for her and her family. *See id.* at 2-5. Specifically, the complaint alleges that the apartment was damaged by chronic dampness and then flooding water, and that when notified, the landlord either ignored plaintiff's complaints or made inadequate repairs that were ineffective. *Id.* Plaintiff alleges that as a result of the dampness and flooding her children were sick more than usual and that she suffered damage to her personal property. *Id.* at 2-3. The

---

[1] Although three plaintiffs are identified, it appears that two of them are minors and that, in fact, the minor's mother is plaintiff in this action in her own right and on their behalf. Only Aquilla Parker filed an application to proceed *in forma pauperis*.

complaint states that it is a "civil action against the defendants for the denial of due process and equal protection of the laws and infliction of cruel and unusual punishment." *Id.* at 1. Plaintiffs seek "compensatory and punitive damages in excess of $750,000 . . ." *Id.* The complaint does not allege federal jurisdiction, but in light of the amount in controversy and the addresses of the plaintiffs and defendants, it appears that this court would have diversity jurisdiction under 28 U.S.C. § 1332(a).

This court is obligated by federal law to dismiss a complaint that is filed without prepayment of filing fees whenever it determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Here, the complaint alleges that the defendants violated three provisions of the federal constitution, specifically, the guarantees of due process and equal protection and the guarantee against cruel and unusual punishment. These guarantees, which are incorporated into the federal constitution, impose restrictions on the conduct of the federal government only, and not on the conduct of private parties such as the defendants in this case.[2] Accordingly, the complaint does not state a claim upon which relief

---

[2] While a landlord has certain duties to a tenant that are legally enforceable, such matters are generally matters of common law or state law (not federal law), which may be heard in a court of general jurisdiction such as a state court or, in the case of the District of Columbia, the District of Columbia Superior Court.

The D.C. Bar operates a Landlord Tenant Resource Center that provides free legal information to unrepresented landlords and tenants who have residential housing disputes in the District of Columbia. It is open Monday through Friday, 9:15 a.m. to noon, in Court Building B, 409 E Street, NW, Room 115, Washington, D.C.

In addition, the D.C. Bar offers a free, walk-in Advice and Referral Clinic on the second Saturday of each month from 10:00 a.m. until noon, at two locations: (1) Bread for the City, Northwest Center, 1525 7th Street, NW (Green Line to Shaw-Howard University), and (2) Bread for the City, Southeast Center, 1640 Good Hope Road SE (Green Line to Anacostia). You do not need an appointment to meet with an attorney, but you must arrive by noon.

may be granted against these defendants, and the Court will dismiss the complaint without prejudice.

An appropriate order accompanies this memorandum opinion.

Date: April 24, 2009

_____
United States District Judge